**In re Annette KILKER.**

**Annette KILKER, Movant,**

**v.**

**INTERNAL REVENUE SERVICE, Respondent.**

**Bankruptcy No. 91–14100S.
CML No. 92–77.**

United States Bankruptcy Court,
W.D. Arkansas,
Texarkana Division.

Sept. 10, 1992.

---

Wm. Randal Wright, Hope, Ark., for debtor.

Claude S. Hawkins, Jr., Fort Smith, Ark., for I.R.S.

Frederick S. Wetzel, Little Rock, Ark., trustee.

## ORDER DENYING MOTION TO VOID LIEN

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Amended Motion to Void Lien, filed by the debtor on July 6, 1992. The original Motion to Void Lien requested that the Court avoid a Notice of Federal Tax Lien, asserting that the tax lien was a judicial lien within the meaning of 11 U.S.C. § 522(f)(1) which was subject to avoidance under 11 U.S.C. § 522. Apparently realizing that the authority cited did not apply to a statutory federal tax lien, the debtor filed an amended motion on July 6, 1992, asserting that she did not receive a copy of the Notice of Federal Tax Lien pursuant to 26 U.S.C. § 6321, such that the United States did not acquire a valid lien.

On July 7, 1992, the matter was called for hearing at which time the parties advised the Court that the issues could be submitted on stipulations and briefs. The debtor filed her brief on August 7, 1992, arguing that a demand for payment was not sent to her such that Internal Revenue Code section 6303 precluded the existence of a valid federal tax lien.

Pursuant to a request that the matter be submitted on a stipulation of facts, on August 13, 1992, the parties filed a stipulation which stated the issue before the Court, the position of the parties, and the facts they deemed relevant to, and determinative of, the declared issue. The parties stipulated to the following facts:

"1. On August 28, 1991, the above-named debtor commenced a voluntary case under Chapter 7 of the Bankruptcy Code.

"2. At the time the debtor filed her petition in Bankruptcy, she was indebted to the United States for income taxes owed the Internal Revenue Service for the taxable year 1983 in the approximate amount of $28,000.00. The Internal Revenue Service did not file a Proof of Claim in this proceeding. The case was a "no asset" case.

"3. On July 13, 1990, prior to the debtor filing her petition under Chapter 7 of the Bankruptcy Code, the Internal Revenue Service filed a Notice of Federal Tax Lien pursuant to 26 U.S.C. § 6321 upon "all property and rights to property" of the debtor in Little River County, Arkansas.

"4. On June 20, 1991, prior to the debtor filing her petition under Chapter 7 of the Bankruptcy Code, the Internal Revenue Service filed a Notice of Federal Tax lien pursuant to 26 U.S.C. § 6321 upon "all property and rights to property" of the debtor in Little River County, Arkansas.

"5. On October 8, 1888 [sic] the debtor received all right, title and interest to the property which she claims as her homestead pursuant to a Warranty Deed executed by Dean L. Kilker.

"6. The debtor originally filed a petition to have the lien of the Internal Revenue Service voided alleging that it is subject to being voided under 11 U.S.C. § 522(f) and impairs her homestead exemption provided by Arkansas law. Debtor has filed an Amended Motion to Void Lien, alleging that the debtor, Annette Kilker, did not receive any Notice of Federal Tax Lien, and pursuant to 26 U.S.C. § 6321, the Internal Revenue Service did not acquire a lien upon said property.

"7. It is the government's position that the taxpayer is not entitled to notice of the filing of a tax lien pursuant to 26 U.S.C. § 6321, and her Motion should be denied.

"8. It is the position of the debtor that she did not receive notice of the filing of the Notice of Federal Tax Lien, and that her Motion should be granted.

"9. The only issue presented in this case is whether the Internal Revenue Service was required to give notice to debtor of the filing of the Tax Lien. The validity of any other procedures are not in dispute.

"10. It is agreed that this stipulation may be filed with the court, and considered in determining the Motion of debtor to set aside the lien of the Internal Revenue Service."

■ Parties are bound by their stipulations. *O'Connor v. City & County of Denver*, 894 F.2d 1210, 1225 (10th Cir. 1990); *Morelock v. NCR Corporation*, 586 F.2d 1096, 1107 (6th Cir.1978), *cert. denied*, 441 U.S. 906, 99 S.Ct. 1995, 60 L.Ed.2d 375 (1979). Where parties submit matters on the written record, the parties have authorized the judge to decide the issues of material fact that exist, whether or not argued or even anticipated by the parties. *Boston Five Cents Savings Bank v. Department of Housing and Urban Development*, 768 F.2d 5, 11–12 (1st Cir.1985). This is distinguishable from the situation in which the parties submit the matter on cross-motions for summary judgment. If cross-motions for summary judgment are filed, an issue of fact will require that the Court set the matter for trial in order to hear additional evidence. *Id.* In the case at bar, the parties have authorized the Court to decide the facts on the evidence they have submitted.

The only issue presented to the Court is found in the debtor's amended motion and in the stipulation submitted by the parties.[1] As stated by the parties in the stipulation:

The only issue presented in this case is whether the Internal Revenue Service was required to give notice to debtor of the filing of the Tax Lien. **The validity of any other procedures are not in dispute.**

Stipulation (filed Aug. 13, 1992) (emphasis added).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(K), (O).

Once the Internal Revenue Service ("IRS") determines that a taxpayer has an income tax deficiency, the Commissioner mails a Notice of Deficiency to the taxpayer before the deficiency is assessed or any collection action is taken. 26 U.S.C. § 6212. The taxpayer then has ninety days after the notice is mailed to file a petition in the United States Tax Court for a redetermination of the deficiency. 26 U.S.C. § 6213. If the ninety-day period expires without the filing of a petition in the Tax Court, the IRS may make an assessment of the tax. Upon assessment of the deficiency, a lien arises in favor of the United States against all property and rights to property of the taxpayer. 26 U.S.C. § 6322. The IRS is also required to give notice of the amount and make demand for payment of the tax within sixty days of the assessment of the deficiency. 26 U.S.C. § 6303.

■ Although a lien exists upon the assessment of the tax, the lien is not valid against particular third-parties until notice has been recorded. 26 U.S.C. § 6323(a). Thus, the Internal Revenue Code essentially requires that the tax lien be perfected to secure priority of its lien interest as

---

1. The debtor twice changed her position, asserting three different arguments during the litigation of this proceeding. The debtor's argument pleaded in the amended motion is that she did not receive notice of the filing of the Notice of Federal Tax Lien. In contrast to the stipulated facts the debtor's brief, submitted on August 7, 1992, asserts that the debtor received no demand for payment as required by section 6303(a) of the Internal Revenue Code (26 U.S.C.). No evidence has been submitted with regard to the issue of whether demand for payment was made pursuant to section 6303. Accordingly, even were the issue properly before the Court, there is a failure of proof with regard to any issue raised by section 6303.

against other creditors. This is congruent with the means by which commercial creditors perfect security interests under state commercial codes. Indeed, in order to perfect the federal tax lien the Internal Revenue Code requires that notice be recorded or filed in conformity with state law. 26 U.S.C. § 6323(f).

The debtor asserts that the IRS was required to give notice to her of the filing of the Notice of Federal Tax Lien, *i.e.,* notice of perfection of the lien interest. It appears that the debtor confuses the notice provisions relating to the assessment of taxes set forth in 26 U.S.C. §§ 6303, 6322, with the provisions for perfection of the lien interests in section 6323. While there exist specific notice requirements related to the assessment of the tax, there is *no* requirement that the IRS deliver a particular notice or demand prior to filing the Notice of Federal Tax Lien. Accordingly, it is

ORDERED that the Motion to Void Lien, filed on May 26, 1992, and amended on July 6, 1992, is DENIED.

IT IS SO ORDERED.